OPINION
{¶ 1} Defendants-cross claimants-appellants, Ray and Mary Day, appeal from a jury verdict in favor of defendant-appellee, Wal-Mart Stores, Inc. For the reasons that follow, we reverse and remand for a new trial.
 {¶ 2} The plaintiffs in the underlying action, who are not parties to this appeal, were tenants of an apartment complex located on Locust Street in Oxford, Ohio. The Days are the owners of the complex. On July 19, 1998, an intense rainstorm caused flooding at the apartment complex. Water entered the ground floor of the apartment buildings damaging the structure and destroying tenants' personal property. Several of the displaced tenants instituted suit against the Days, alleging breach of lease, failure to warn, and negligence in the maintenance of the property. They also brought suit against Wal-Mart, the owner of the adjacent parcel of property, alleging that the store and parking lot were negligently constructed, altering the elevation and drainage of the property, causing the apartment complex to flood.
 {¶ 3} The Days filed a cross claim against Wal-Mart. Specifically, the Days alleged that the retaining wall constructed around the Wal-Mart property blocked the pre-existing flow of water from their property onto the property developed by Wal-Mart. They further contended that the elevation of the property had been changed in the course of its development and that the design of the Wal-Mart store failed to provide for an emergency floodway in the event of an unusually significant rainfall. The Days' insurer, State Farm Insurance Company, intervened as a plaintiff against Wal-Mart.
 {¶ 4} In a March 2000 disclosure of expert witnesses, Wal-Mart identified David Oakes as an expert it intended to call at trial. However, in contravention of Butler County Local Rules of Court, it did not provide opposing counsel with a copy of Oakes' report. When he was deposed in June 2000, Oakes stated that he was unable to locate his file related to the matter, and was unable to answer specific questions related to the design or construction of the Wal-Mart store. The discovery deadline passed on July 1, 2000, without any indication from Wal-Mart that Oakes' report was available for review by opposing parties.
 {¶ 5} In response to a motion filed by the Days, the trial court precluded Wal-Mart from calling Oakes as an expert witness. The trial court found that Wal-Mart had failed to comply with Butler County Loc.R. 3.10(c)(3) regarding disclosure of expert witness reports and summaries. The trial court found that the filing of Oakes' deposition did not substantially comply with the rule's requirement that the expert's report, or a summary of the report, be provided to an opposing party prior to the filing of a pretrial statement. Although precluded from giving expert testimony, Oakes was not excluded as a lay or fact witness.
 {¶ 6} The trial was bifurcated and the liability issue only was tried to a jury. At trial, Wal-Mart called Oakes to testify. While Oakes initially testified to factual matters, the trial court overruled the Days' objections to Oakes' expert opinion testimony elucidated by Wal-Mart on redirect examination. The trial court reasoned that opinion questions asked Oakes by counsel for other parties to the suit opened the door for Wal-Mart to offer Oakes' expert opinion as to the design and construction of the Wal-Mart store and parking lot. At the conclusion of the trial, the jury returned a verdict in favor of Wal-Mart.
 {¶ 7} The Days appeal, raising two assignments of error, both related to Oakes' testimony. We will address them in inverse order.
Assignment of Error No. 2
 {¶ 8} "The Trial Court Erred In Permitting David Oakes To Testify As A Fact Witness."
 {¶ 9} In response to the Days' pretrial motion, the trial court excluded Oakes' expert testimony, stating: "Defendant Wal-Mart filed its Pretrial Statement on July 28, 2000, and included therein its list of expert witnesses, expressly naming Mr. Oakes. Although Mr. Oakes' name was in fact disclosed prior to the filing of the Pretrial Statement *** there is no indication that either Mr. Oakes' report or a summary of his report was furnished to opposing counsel as required. *** Mr. Oakes may be called as a lay/fact witness but not as an expert." The trial court's decision was premised on the Local Rules of Court of the Butler County Court of Common Pleas which require, in part, that "[a] copy of each expert's written report or a summary of the expert's reports where no written report is available to counsel shall be furnished to opposing counsel prior to the pretrial statement, along with the name of each expert from whom a report was received[.]" Butler County Loc.R. 3.10(c)(3) (emphasis sic).
 {¶ 10} Application of local rules regarding discovery issues and the imposition of sanctions for discovery violations lies within the sound discretion of the trial court. See Markan v. Cleveland ClinicFoundation (Sept. 18, 1986), Cuyahoga App. No. 50949; West v. Krug (Mar. 3, 1983), Cuyahoga App. No. 45008. Thus, it is within the trial court's discretion to bar Oakes' expert testimony for failure to comply with the local rule requiring that the expert's report be provided to opposing parties. Factors which should influence a trial court's decision whether to permit or deny such testimony include: "(1) the proponent's justification for the delayed disclosure of the expert's identity or the expert's report, (2) the opponent's prejudice from that delay, and (3) the burden on the court's schedule to accommodate the respective parties' interests." Gregrich v. Cuyahoga County Hospital (Oct. 24, 1985), Cuyahoga App. No. 49673.
 {¶ 11} Wal-Mart's failure to timely provide the Days with Oakes' report prevented the Days from discovering the substance of Oakes' testimony, and consequently the opportunity to adequately prepare for cross-examination. See Krug, Cuyahoga App. No. 45008. Wal-Mart offered no justification for its failure to provide the report as required by the local rules. In this circumstance, the trial court's decision to deny Oakes the opportunity to express his expert opinion at trial is not an abuse of discretion.
 {¶ 12} Nor is the trial court's decision to allow Oakes to testify as a fact witness an abuse of discretion. The provisions of the local rule concern only the admission or exclusion of expert testimony. Oakes' factual knowledge of the circumstances surrounding the flood were relevant to the proceeding and the nondisclosure of his expert report did not impact the Days' ability to adequately cross-examine him on such issues. Accordingly, the second assignment of error is overruled.
Assignment of Error No. 1
 {¶ 13} "The Trial Court Erred To The Prejudice Of Appellant By Admitting Opinion Testimony From A Witness Who Had Been Excluded From Testifying As An Expert."
 {¶ 14} During the course of Wal-Mart's redirect examination of Oakes, the trial court ruled that Oakes could testify to his expert opinion, in spite of the pretrial decision that such testimony was inadmissible. In this assignment of error, the Days allege that the trial court erred by allowing Oakes to present his expert opinion as to the design and construction of the Wal-Mart store, contrary to the trial court's earlier ruling.
 {¶ 15} As a general rule, the scope of redirect examination is limited to matters inquired into by the adverse party on cross-examination. State v. Wilson (1972), 30 Ohio St.2d 199, 204. "The control of redirect examination is committed to the discretion of the trial judge and a reversal upon that ground can be predicated upon nothing less than a clear abuse thereof." Id. An abuse of discretion is more than an error of law; it implies that the court acted unreasonably, arbitrarily, or unconscionably. See Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 16} While it is within the trial court's discretion to allow a witness to testify on redirect examination to facts which have been elicited during his testimony in chief, State v. Snider (Apr. 29, 1981), Clinton App. No. 418, in the present case, the trial court had already determined that Oakes' expert opinion testimony was inadmissible. While the trial court reasoned, and Wal-Mart argues, that the door to this testimony was opened by questions posed to Oakes during cross-examination, we note that none of these "door opening" questions were posed by the Days. While some questions by other parties to the suit may have touched upon Oakes' expert opinion, the Days did not waive their right to have the testimony excluded based on Wal-Mart's discovery violation.
 {¶ 17} Oakes' expert testimony was inherently prejudicial to the Days as the testimony related directly to the ultimate issue in the case, whether the Wal-Mart store was negligently designed or constructed, thereby causing the apartment complex to flood. The Days, in reliance on the trial court's earlier assertion that Oakes would not be permitted to provide expert testimony, were unprepared to cross-examine Oakes as to his expert opinion on this issue.
 {¶ 18} Accordingly, we find that the admission of Oakes' testimony as to the design and construction of the Wal-Mart store was improper and prejudicial, and constitutes reversible error. We conclude, therefore, that the trial court abused its discretion in allowing this prejudicial testimony into evidence. The second assignment of error is sustained.
 {¶ 19} The decision of the trial court is reversed and this matter is remanded for a new trial.
YOUNG and VALEN, JJ., concur.